## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTIST PUBLISHING GROUP, LLC d/b/a APG, a Delaware Limited Liability Company; FIRST-N-GOLD PUBLISHING, INC., a Florida Corporation; KASZ MONEY, INC., a New York Corporation; KMA ASSETS I LP, a Delaware Limited Partnership; KMA ASSETS II LIMITED, a United Kingdom Private Limited Company; KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a KMPA, a Delaware Corporation; MXM MUSIC AB d/b/a MXM, a Swedish Limited Liability Company; NOTTING HILL MUSIC, INC., a New York Corporation; and PRESCRIPTION SONGS, LLC, a California Limited Liability Company,<br><br>        Plaintiffs,<br><br>                v.<br><br>ORLANDO MAGIC, LTD. d/b/a ORLANDO MAGIC, a Florida Limited Partnership; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No: 1:24-CV-05461-JSR<br><br><br><br>**ANSWER TO COMPLAINT** |

## <u>ANSWER TO COMPLAINT</u>

Defendant Orlando Magic, Ltd. (d/b/a "Orlando Magic" or the "Magic"), by and through

its undersigned attorneys, answers the Complaint of Plaintiffs Artist Publishing Group, LLC (d/b/a

"APG"), First-N-Gold Publishing, Inc., Kasz Money, Inc., KMA Assets I LP, KMA Assets II

Limited, Kobalt Music Publishing America, Inc. (d/b/a "KMPA"), MXM Music AB (d/b/a

"MXM"), Notting Hill Music, Inc., and Prescription Songs, LLC (collectively, "Plaintiffs"), dated

July 19, 2024, [Dkt. No. 4], (the "Complaint") as follows:

**<u>NATURE OF THE ACTION</u>**

1.      The allegations set forth in paragraph 1 of the Complaint characterize the Plaintiffs' Complaint, which speaks for itself. To the extent any allegations in this paragraph allege wrongdoing by the Magic, such allegations are denied.

**<u>PLAINTIFF</u>** [sic]

2.      The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the Complaint, and on that basis denies those allegations.

3.      The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of the Complaint, and on that basis denies those allegations.

4.      The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of the Complaint, and on that basis denies those allegations.

5.      The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5 of the Complaint, and on that basis denies those allegations.

6.      The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis denies those allegations.

7.      The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 7 of the Complaint, and on that basis denies those allegations.

8.      The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 8 of the Complaint, and on that basis denies those allegations.

9.      The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 9 of the Complaint, and on that basis denies those allegations.

10.      The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 10 of the Complaint, and on that basis denies those allegations.

## **DEFENDANTS**

11.      Responding to paragraph 11 of the Complaint, the Magic admits it is a Florida Limited Partnership with its principal place of business in Orlando, Florida.  The Magic denies the remaining allegations in paragraph 11 of the Complaint.

12.      Plaintiffs' allegation that they "will seek leave to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained" is not a proper factual allegation and does not require a response.  With respect to the remaining allegations in paragraph 12, the Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth therein, and on that basis denies those allegations.

13.      The Magic denies the allegations set forth in paragraph 13 of the Complaint.

## **JURISDICTION**

14.      Paragraph 14 of the Complaint contains legal conclusions to which no response is required.

15.     The allegations in paragraph 15 of the Complaint regarding the conclusion that there is personal jurisdiction over Defendants states a legal conclusion to which no response is required.  With respect to the allegations in paragraph 15 of the Complaint regarding the conclusion that there is personal jurisdiction over Defendants other than the Magic and with respect to the allegations in paragraph 15 of the Complaint regarding the "home of all Plaintiffs' exclusive agent for the licensing of their copyrights," the Magic lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies the same. The Magic denies the remaining allegations in the Complaint, and specifically denies that it engaged in any wrongdoing or injured Plaintiffs.

16.     The allegations in paragraph 16 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the Magic denies such allegations.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17.     The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies those allegations.

18.     The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies those allegations.

19.     Responding to paragraph 19 of the Complaint, the Magic admits that it owns the National Basketball Association (NBA) team known as the Oralndo Magic. The Magic lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint regarding whether it "operates" the NBA team Orlando Magic because the Magic engages natural persons to operate the company and, on that basis, denies those allegations.[1]

---

[1] Plaintiffs' footnote no. 1 does not contain a factual allegation and therefore does not require a response.

20.    Responding to paragraph 20 of the Complaint, the Magic admits that it is the administrator of accounts with Facebook, Instagram, X, YouTube, TikTok, and Snapchat, and that there is a page on the NBA.com website directed to the Orlando Magic team which contains content relating to news, promotional videos, highlights, links to purchase merchandise using the Orlando Magic brand, and tickets. The Magic denies all remaining allegations of paragraph 20 of the Complaint.[2]

21.    Responding to paragraph 21 of the Complaint, the Magic admits that it owns numerous active United States trademark registrations and copyright registrations and that, when appropriate, it enforces its rights.  The Magic denies all remaining allegations of paragraph 21 of the Complaint.

22.    The allegation in paragraph 22 of the Complaint that "Defendants did not obtain Plaintiffs' license, authorization, or consent to synchronize the Works with the Videos" calls for a legal conclusion to which no response is required. The Magic lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22 of the Complaint, and on that basis denies those allegations.

**FIRST CAUSE OF ACTION**
**DIRECT COPYRIGHT INFRINGEMENT**
**(Against all Defendants)**

23.    The Magic incorporates by reference its responses to paragraphs 1-22 above, as if fully set forth here.

24.    The Magic denies the allegations in paragraph 24 of the Complaint.

25.    The Magic denies the allegations in paragraph 25 of the Complaint.

26.    The Magic denies the allegations in paragraph 26 of the Complaint.

---

[2] Plaintiffs' footnote no. 2 does not contain a factual allegation and therefore does not require a response.

27.     The Magic denies the allegations in paragraph 27 of the Complaint.

28.     The Magic denies the allegations in paragraph 28 of the Complaint.

29.     The Magic denies the allegations in paragraph 29 of the Complaint.

30.     The Magic denies the allegations in paragraph 30 of the Complaint.

## SECOND CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
**(Against all Defendants)**

31.     The Magic incorporates by reference its responses to paragraphs 1-30 above, as if fully set forth here.

32.     The Magic denies the allegations in paragraph 32 of the Complaint.

33.     The Magic denies the allegations in paragraph 33 of the Complaint.

34.     The Magic denies the allegations in paragraph 34 of the Complaint.

35.     The Magic denies the allegations in paragraph 35 of the Complaint.

36.     The Magic denies the allegations in paragraph 37 of the Complaint.

## THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
**(Against all Defendants)**

37.     The Magic incorporates by reference its responses to paragraphs 1-36 above, as if fully set forth here.

38.     The Magic denies the allegations in paragraph 38 of the Complaint.

39.     The Magic denies the allegations in paragraph 39 of the Complaint.

40.     The Magic denies the allegations in paragraph 40 of the Complaint.

41.     The Magic denies the allegations in paragraph 41 of the Complaint.

42.     The Magic denies the allegations in paragraph 42 of the Complaint.

## PRAYER FOR RELIEF

43.     WHEREFORE, the Magic denies that any of the Plaintiffs are entitled to any relief whatsoever, including damages—either actual with disgorgement or statutory, including any injunctive or other equitable relief, and including attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

44.     Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, the Magic asserts the following separate defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Cause of Action)

45.     Plaintiffs' causes of action are barred, in whole or in part, for failure to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Statute of Limitations, 17 U.S.C. § 507)

46.     Plaintiffs' causes of action are barred, in whole or in part, by the relevant statute of limitation because the Complaint was filed more than three years "after the claim accrued." 17 U.S.C. § 507.

47.     A cause of action ordinarily accrues when a plaintiff has a complete and present cause of action.  In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief.  A copyright causes of action thus arises or accrues when an infringing act occurs. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U. S. 663, 670 (2014).  This standard principle of law and statutory interpretation is called the "injury rule."  Under the injury rule, Plaintiffs' causes of action are barred, in whole or in part, because the uses of music for which they complain occurred more than three years prior to the filing of the Complaint. There is no

reason in law or fact to deviate from the injury rule in this case. *See Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024) (Gorsuch, J., dissenting).

48.    Even if a different rule (*e.g.*, the "discovery rule") were applied, Plaintiffs' causes of action would be barred, in whole or in part, because Plaintiffs either knew or should have known about the allegedly infringing uses more than three years prior to the filing of the Complaint. Plaintiffs, through their agents, first gave notice that they were aware of accused uses of music on March 8, 2021 (the "First Notice Date"), which is more than three years prior to the filing of the Complaint.

49.    Subsequently, it has been revealed that Plaintiffs, through their agents, employed software programs to search the Internet for uses of music, which programs created a database of accused uses (the "Archive"). On information and belief, the Archive identified uses which are the subject of this Complaint long before the First Notice Date. Despite numerous requests, Plaintiffs have refused to produce the Archive, or respond to queries about the date of creation of the Archive, when Plaintiffs and/or their agents first became aware of these alleged infringements, or when Plaintiffs engaged agents and/or software programs to search for potential infringements. Nonetheless, because Plaintiffs, through their agents, had all of the information necessary to file suit and obtain relief more than three years prior to the filing of the Complaint, their causes of action are barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
#### (Copyright Misuse)

50.    Plaintiffs' causes of action are barred, in whole or in part, because they engaged in copyright misuse. Among other things, Plaintiffs attempted to leverage their copyright registrations along with threats of attorneys' fees in order to extort from the Magic disproportionate

payments for allegedly infringing uses. At the same time, Plaintiffs refused to provide the Magic with the data revealing the totality of the music the Magic allegedly infringed.

## FOURTH AFFIRMATIVE DEFENSE
### (Implied License)

51.    Plaintiffs' causes of action are barred, in whole or in part, because the Magic possessed an implied license to use Plaintiffs' alleged copyrighted works.

## FIFTH AFFIRMATIVE DEFENSE
### (Fair Use, 17 U.S.C. § 107)

52.    Plaintiffs' causes of action are barred, in whole or in part, because any use the Magic made of Plaintiffs' copyrighted works was a fair use.

## SIXTH AFFIRMATIVE DEFENSE
### (First Amendment)

53.    Plaintiffs' causes of action are barred, in whole or in part, because the Magic's alleged conduct is protected by the First Amendment of the United States Constitution and by applicable state constitutions.

## SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

54.    Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

55.    Plaintiffs' causes of action are barred, in whole or in part, by the doctrines of waiver and estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

56.    Plaintiffs' claims for equitable relief are barred, in whole or in part, by the doctrine

of laches.

57.    The Magic reserves the right to add, alter, and/or amend the Answer and its defenses as may later become available and apparent to it and to withdraw any defenses that it determines to be inapplicable.

Date:   New York, New York
        October 15, 2024

Respectfully submitted,

**BARNES & THORNBURG LLP**

By:    */s/ David S. Slovick*
       David S. Slovick
       New York Bar No. 5337811
       390 Madison Avenue, 12th Floor
       New York, New York 10017
       Telephone: (646) 746-2000
       Facsimile: (646) 746-2001
       Email: David.Slovick@btlaw.com

       - and -

       Anna Kalinina *(admitted pro hac vice)*
       Texas Bar No. 24092605
       2121 N. Pearl Street, Suite 700
       Dallas, TX 75201-2469
       Telephone: (214) 258-4200
       Facsimile: (214) 258-4199
       Email: Anna.Kalinina@btlaw.com

       ***Counsel for Defendant Orlando Magic, Ltd.***

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 15th day of October, 2024, the foregoing pleading was served upon all counsel of record via the Court's CM/ECF system.

       */s/ David S. Slovick*
       David S. Slovick