## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTIST PUBLISHING GROUP, LLC d/b/a APG, a Delaware Limited Liability Company; FIRST-N-GOLD PUBLISHING, INC., a Florida Corporation; LUKASZ GOTTWALD, an individual doing business as KASZ MONEY PUBLISHING; KMA ASSETS I LP, a Delaware Limited Partnership; KMA ASSETS II LIMITED, a United Kingdom Private Limited Company; KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a KMPA, a Delaware Corporation; MXM MUSIC AB d/b/a MXM, a Swedish Limited Liability Company; NOTTING HILL MUSIC, INC., a New York Corporation; and PRESCRIPTION SONGS, LLC, a California Limited Liability Company, | Case No: 1:24-CV-05461-JSR |

Plaintiffs,

v.

ORLANDO MAGIC, LTD. d/b/a ORLANDO MAGIC, a Florida Limited Partnership; and DOES 1-10, inclusive,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT ORLANDO MAGIC, LTD'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Date:  New York, New York
       February 14, 2025

Respectfully submitted,

**BARNES & THORNBURG LLP**

By: */s/ Benjamin T. Pendroff*
David S. Slovick
New York Bar No. 5337811
390 Madison Avenue, 12th Floor
New York, New York 10017
Telephone:  (646) 746-2000
Facsimile:  (646) 746-2001
Email: David.Slovick@btlaw.com

Anna Kalinina *(admitted pro hac vice)*
Texas Bar No. 24092605
Benjamin T. Pendroff
New York Bar No. 5013982
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
Email: Anna.Kalinina@btlaw.com
Email: bpendroff@btlaw.com

William Craver (*admitted pro hac vice*)
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 284-3771
Facsimile: (310) 284-3894
Email: wcraver@btlaw.com

***Counsel for Defendant Orlando Magic, Ltd.***

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ..................................................................................... 2

LEGAL STANDARDS ........................................................................................ 6

ARGUMENT ..................................................................................................... 8

A.   TuneSat and KLG are Plaintiffs' Agents and Their Knowledge is Imputed to Plaintiffs for Purposes of Statute of Limitations Accrual. ............................................................. 9

B.   A Copyright Infringement Claim Accrues on the Date on Which a Plaintiff (Directly or Through Its Agents) Knew or Should Have Known With the Exercise of Diligence That the Actions Constituting the Alleged Infringement Had Occurred. ........................................... 12

C.   Plaintiffs' Claims for Sixteen of the Accused Uses Accrued Before July 18, 2021 Because Their Agents "Found" the Accused Uses. ................................................................. 13

D.   Plaintiffs' Claims for Twelve of the Accused Uses are Barred Because Plaintiffs Should Have Known of the Facts Underlying Their Claims Before July 18, 2021. ......................... 15

CONCLUSION.................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aulicno v. N.Y.C. Dep't of Homeless Servs.*,
    580 F.3d 73 (2d Cir. 2009)..................................................................................7

*Chevron Corp. v. Salazar*,
    275 F.R.D. 422 (S.D.N.Y. 2011) .......................................................................10

*Cunningham v. Cornell Univ.*,
    86 F.4th 961 (2d Cir. 2023) ...............................................................................7

*Grecco Prods., Inc. v. RADesign, Inc.*,
    112 F.4th 144 (2d Cir. 2024) (cert. pending) ...................................................16

*In re JVJ Pharm., Inc.*,
    630 B.R. 388 (S.D.N.Y. 2021)......................................................................10, 11

*Morris v. Lindau*,
    196 F.3d 102 (2d Cir. 1999)................................................................................7

*Parisienne v. Scripps Media, Inc.*,
    2021 WL 3668084 (S.D.N.Y. Aug. 17, 2021)........................................7, 8, 12, 17

*Parks v. ABC, Inc.*,
    341 Fed. Appx. 737 ..........................................................................................12

*In re Parmalat Secs. Litig.*,
    375 F. Supp. 2d 278 (S.D.N.Y. 2005)........................................................8, 10, 11

*Psihoyos v. John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014).......................................................................7, 12, 16

*Stone v. Williams*,
    970 F.2d 1043 (2d Cir. 1992).........................................................................7, 12

*Veal v. Geraci*,
    23 F.3d 722 (2d Cir. 1994).....................................................................8, 10, 11, 14

*Veleron Holding, B.V. v. Morgan Stanley*,
    117 F. Supp. 3d 404 (S.D.N.Y. 2015)...................................................................8

*Warner Chappell Music, Inc. v. Nealy*,
    601 U.S. 366 (2024)............................................................................................7

**Statutes**

17 U.S.C. § 507(b) ..........................................................................................................7, 12

**Other Authorities**

Fed. R. Civ. P. 56..........................................................................................................2, 7, 8

Defendant ORLANDO MAGIC, LTD. (the "Magic") respectfully submits this memorandum of law in support of its Motion for Partial Summary Judgment against Plaintiffs ARTIST PUBLISHING GROUP, LLC d/b/a APG ("APG"), FIRST-N-GOLD PUBLISHING, INC. ("FNG"), LUKASZ GOTTWALD, an individual doing business as KASZ MONEY PUBLISHING ("Kasz"); KMA ASSETS I LP, KMA ASSETS II LIMITED, KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a KMPA ("Kobalt"), MXM MUSIC AB d/b/a MXM ("MXM"), NOTTING HILL MUSIC, INC. ("Notting Hill"), and PRESCRIPTION SONGS, LLC (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

More than three years before the filing of this lawsuit, Plaintiffs knew that the Magic's social media posts included Plaintiffs' music in ways that Plaintiffs now allege were infringing. For this simple reason, nearly half of Plaintiffs' alleged infringements are clearly barred by the statute of limitations. Moreover, even where Plaintiffs claim to have lacked specific knowledge, the very fact that they hired a law firm and a professional "Internet search" firm to find the infringements, and commenced searches for the infringements, demonstrates that they were aware of facts and circumstances constituting "inquiry notice" such that the statute of limitations accrued with respect to every infringement that they could have found with the exact same type of search, had they tried. Thus, the vast majority of Plaintiffs' claims in this action (28 out of 36 total accused "uses" of Plaintiffs' music) are barred either because they directly knew of the infringement more than three years prior to filing, or they should have known of the infringement with reasonable diligence. For this reason, the Magic are entitled to summary judgment, as set forth below.

## STATEMENT OF FACTS

### A. **Kobalt Administers and Enforces Plaintiffs' Copyright Interests**

Kobalt is the administrator for certain of Plaintiffs' copyright interests, including all of the Subject Songs. *See* Magic's Rule 56.1 Statement of Material Facts ("SOMF") ¶ 1. As the administrator of Plaintiffs' copyright interests, Kobalt has the right to ███████████ ████████████████████████████████████████████████████████████████ ███████████████████ SOMF ¶ 2. Through the Administration Agreements, ████████ ████████████████████████████████████████████ *Id*. ¶ 3. Kobalt also has the right to █████████████████████████████. *Id.* ¶ 4.

Although Kobalt administers Plaintiffs' copyright interests, Plaintiffs ████████████ ██████████████████████████████ SOMF ¶ 5. For example, █████████████████ ████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ *See Id.*

### B. **As Plaintiffs' Administrator, Kobalt** ███████████████████████████████ █████████████████

1. ████████████████████████████████ Monetize Infringement Targets. TuneSat is a company that ███████████████████████████████████████████ ████████████████████████████████████████████████████████████████ █████████████ SOMF ¶ 6. In 2019, TuneSat ████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████ SOMF ¶ 7. TuneSat uses ██████████████ ████████████████████████████████████████████████████████████████ ██████ *Id.* ¶ 8. TuneSat also ████████████████████████████████████████

██████████████████████████████████████████████████████. *Id.* ¶¶ 9,

12. TuneSat and KLG ████████████████████████████████

██████████████████████████████ *Id.* ¶ 10. KLG ███████████

██████████████████████████ *Id.*

    2.  <u>The TuneSat</u> ████████████████

    Typically, ██████████████████████████████████

████████████ *Id.* ¶ 11. These ████████████████████████

███████████ *Id.* ████████████████████████████████████

███████████████████████████████████ *Id.* ¶ 12.

TuneSat then ███████████████████████. *Id.* However, TuneSat does not

██████████████████████████████████████. *Id.* ¶ 13. TuneSat

continues to ███████████████████. *Id.*

    Soon after a ████████████████████████████████

███████████████████████████. SOMF ¶ 14. Once TuneSat ██████████

████████████████████████████████████████. *Id.* ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████ *Id.* ¶ 15. Once TuneSat █████████████████

████████████████████████████████████████████████████.

*Id.* ¶ 16. TuneSat then ████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████ *Id.* ¶ 17.

TuneSat █████████████████████████████████████████████

███████████████████████████████. SOMF ¶ 18. █████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████ *Id.* █

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████ *Id.* ¶ 19. Finally, █████████████████

███████████████████ *Id.* ¶ 20.

3. Kobalt ████████████████████ to Monetize Infringement of Its Catalog, Including the Subject Songs.

At some point, ███████████████████████████████████████

███████████████████████████████ SOMF ¶ 21. TuneSat then ██████████████

███████████████████████████ *Id.* ¶ 21. On June 18, 2019, ██████████ Marc Littman contacted Kobalt on behalf of TuneSat regarding potential or actual internet searches by TuneSat regarding the songs at issue in the Complaint (the "Subject Songs"). *Id.* ¶ 22[1]

On May 8, 2020, █████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████ *Id.* ¶ 24.

Following execution of ███████████████████████████████████

███████████████████████████████████████████████████████



---

[1] In its Supplemental Response to Interrogatory 3, Kobalt claimed privilege over any additional information. SOMF ¶ 23.

"Audio"). *Id.* ¶ 25. Once TuneSat had ██████████████████████████████

████████████████████████████████████████████████████

██████ *Id.* ¶ 26. Kobalt, in its ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████. *Id*. ¶ 27.

Kobalt gave ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████ *Id.* ¶ 28. And though the agreement stated

that ████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████. *Id.* ¶ 29. Under the agreement, Kobalt ██████████

████████████████████████████████████████ *Id.*

Kobalt agreed that ████████████████████████████████████████

██████████████████████████. *Id.* ¶ 30. Two months after ████████████

████████████████████████████████████████████████████

██████████████████████ *Id.* ¶ 31. ██████████████████████████

████████████████████████████████████████████████████

██████████████████████████ *Id.* Kobalt authorized ████████████████

████████████████████████████ *Id.* ¶ 32. Indeed, on March 8, 2021,

████████████████████████████████████████████████████,

███████████████████████████████████████████████████████

████████████████████████████████ *Id.* ¶ 33.

**C.  TuneSat** ██████████████████████████████████████

██████████████████████████, all of the Subject Songs were in its music catalog.

SOMF ¶ 34. Soon after ████████████████████████████████████

████████████████ *Id.* ¶ 34. With that information in hand, ██████████████

███████████████████████████████████████ *Id.* ¶ 35. By

October 31, 2020, █████████████████████████████████████. *Id.*

On January 19, 2021, █████████████████████████████████████

████████████████ *Id.* ¶ 36. Thereafter, ████████████████████

█████████████████████ *Id.* TuneSat ██████████████████████

██████████████████ *Id.*

**D.  TuneSat's** ████████████████

During discovery in this action,[2] TuneSat produced ███████████████

██████████████████████████ SOMF ¶ 37. According to ████████████

█████████████████████████████. SOMF ¶¶ 38, 39. Also by July 13, 2021,

██████████████████████████████████████████████████████

████████████████████. *Id*. ¶¶ 38, 40.

### LEGAL STANDARDS

**A.  Summary Judgment**

Summary judgment on part of a claim shall be granted where "the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[2] Plaintiffs' limited discovery responses and assertions of privilege should preclude them from
later introducing additional evidence or argument not previously disclosed.

law." Fed. R. Civ. P. 56. "A fact is material if it might affect the outcome of the suit under the governing law." *Cunningham v. Cornell Univ.*, 86 F.4th 961, 980 (2d Cir. 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). And an "issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Cunningham*, 86 F.4th at 980 (internal quotation marks omitted). Overall, the Court "construe[s] the facts in the light most favorable to the non-moving party and draw[s] all reasonable inferences against the movant." *Aulicno v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79–80 (2d Cir. 2009) (internal quotation marks omitted). However, "the non-moving party may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that its version of events is not wholly fanciful." *Morris v. Lindau*, 196 F.3d 102, 109 (2d Cir. 1999) (internal quotation marks omitted).

## B. <u>Statute of Limitations</u>

Civil actions for copyright infringement must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). In the Second Circuit, copyright infringement claims accrue upon "actual or constructive discovery of the relevant infringement . . ." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014).[3] The "legal rights that stem from certain facts or circumstances need not be known, only the facts or circumstances themselves." *Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992). A claim accrues when a plaintiff "knows, or should know, enough of the critical facts" such that it would lead him to seek legal advice. *Parisienne v. Scripps*

---

[3] The U.S. Supreme Court has repeatedly noted that it has never decided whether the "discovery rule" actually applies in copyright infringement cases, or whether the "injury rule" governs the statute of limitations for infringement purposes. *See, e.g.*, *Warner Chappell Mustic, Inc. v. Nealy*, 601 U.S. 366, 373 (2024) (declining to decide whether the discovery rule governs a copyright claim). Defendant has expressly pled that, in its view, the injury rule is the appropriate standard. For the purposes of this motion only, Defendants assume that the Court will apply the discovery rule.

*Media, Inc.*, 2021 WL 3668084, at *4. (S.D.N.Y. Aug. 17, 2021) (citation omitted). In other words, a plaintiff need only be aware of facts that *could* offer legal relief, but accrual does not wait for a plaintiff or her counsel to decide whether a claim is actionable. The "standard of whether a plaintiff should have discovered the relevant infringement is an objective one." *Id.* at *3 (internal quotation marks omitted).

### C.  <u>Imputing Knowledge of an Agent to the Principal</u>

"In general, when an agent is employed to represent a principal with respect to a given matter and acquires knowledge material to that representation, for purposes of assessing the principal's rights and liabilities vis-à-vis a third person, the agent's knowledge is imputed to the principal." *Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994). "An agency relationship exists under New York law when there is agreement between the principal and the agent that the agent will act for the principal and the principal retains a degree of control over the agent." *In re Parmalat Secs. Litig.*, 375 F. Supp. 2d 278, 290 (S.D.N.Y. 2005). Where a "writing erects the essential structure of an agency relationship, even an explicit disclaimer cannot undo it." *Veleron Holding, B.V. v. Morgan Stanley*, 117 F. Supp. 3d 404, 452 (S.D.N.Y. 2015).

### ARGUMENT

Pursuant to Federal Rule of Civil Procedure 56, the Magic are entitled to summary judgment[4] on each of the following issues: (1) TuneSat and KLG are agents of the Plaintiffs under applicable law such that the knowledge of TuneSat and/or KLG is imputed to Plaintiffs for purposes of the accrual of the statute of limitations; (2) the test for accrual of a claim for copyright

---

[4] In some cases, the entry of an order adjudicating these issues will completely dispose of the claims for one or more Plaintiffs, and thus represent the grant of complete summary judgment as against that individual Plaintiff. In other instances, the entry of the requested order will represent partial summary judgment as against an individual Plaintiff, but there will be an additional Accused Uses not subject to this motion. The Accused Uses not within the scope of this motion are de minimis in value in relation to the overall set of allegations in the Complaint.

infringement is the date on which a Plaintiff (directly or through its agents) knew or should have known with the exercise of diligence that the actions constituting the alleged infringement had occurred; (3) Plaintiffs' claims for 16 of the Accused Uses are barred by the applicable three-year statute of limitations; and (4) Plaintiffs' claims for an additional 12 of the Accused Uses are barred by the statute of limitations because, at a minimum, they should have been found by Plaintiffs' agents prior to July 18, 2021 through the exercise of reasonable diligence.

The facts and law with respect to the first two issues are clear, and Plaintiffs' opposition is meritless. The facts and law with respect to the third issue are not subject to good faith dispute, because the evidence, ████████████████████ plainly shows that the first group of 16 Accused Uses ████████████████████ prior to the crucial statute of limitations date. Finally, with respect to the second group of 12 Accused Uses, the terms of the ████████████ ████████████████ the retention of KLG in July 2020, and the commencement of the ██████ searches immediately thereafter demonstrate that no reasonable trier of fact could conclude that the remaining Accused Uses should not have been found at the same time as the first group had ████████████ been diligent.

### A. TuneSat and KLG are Plaintiffs' Agents and Their Knowledge is Imputed to Plaintiffs for Purposes of Statute of Limitations Accrual.

1. Kobalt is Plaintiffs' Agent

████████████████████████████████████████████████████ ████████████████████████ Kobalt is the agent of each Plaintiff. *See* SOMF ¶¶ 1, 2. It is undisputed that as Plaintiffs' administrator, Kobalt acts on Plaintiffs' behalf in ████████████████ ████████████████████. *See Id.* ¶¶ 2, 3. Pursuant to the Agreements, Plaintiffs have the right to ████████████. *See Id.* ¶ 5. For example, ████████████████████████ ████████████████████████████████. *See, e.g., Id.* ¶ 5 ██████

9

██████████████████████████████████████). Because Kobalt acts on Plaintiffs'

behalf and Plaintiffs retain a degree of control over how Kobalt acts, an agency relationship exists

between Kobalt and each of the Plaintiffs. *See In re Parmalat Sec. Litig.*, 375 F. Supp. 2d, at 290.

As the administrator of Plaintiffs' copyright interests, Kobalt acts on each Plaintiff's behalf

to ██████████████████████████████████████████████████████

granted to it under the Administration Agreements. SOMF ¶ 2. Through the Administration

Agreements, the other Plaintiffs granted Kobalt the right to ████████████████████████

██████████████     *See, e.g., Id.* ¶ 3. As MXM's corporate representative testified, ████████████

██████████████████████████████████. *Id.* However, Plaintiffs still direct

at least some of Kobalt's administrative duties. For example, ██████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████. *Id.* ¶ 5. Thus, Kobalt

is the agent for each of the other Plaintiffs with respect to investigation and prosecution of

copyright infringement—the exact issue before the Court.

2.   <u>TuneSat and KLG are Kobalt's Agents</u>

When KLG and Kobalt signed their July 13, 2020 engagement letter (SOMF ¶ 31), KLG

plainly became Kobalt's agent. *Chevron Corp. v. Salazar*, 275 F.R.D. 422, 426 (S.D.N.Y. 2011)

("Lawyers are agents for their clients."); *Veal*, 23 F.3d, at 725 ("The relationship between an

attorney and the client he or she represents in a lawsuit is one of agent and principal."). And while

TuneSat and Kobalt cleverly tried to ██████████████████████████████ (SOMF

¶ 29), that ████████ is not dispositive. *See In re JVJ Pharm., Inc.*, 630 B.R. 388, 404 (S.D.N.Y.

2021) (well-settled principle that ████████████████ is not dispositive). Indeed, ████████

██████████████████     particularly when coupled with Kobalt's agreement with KLG,

"erects the essential structure of an agency relationship" that cannot be undone by a conclusory disclaimer. *Id.* (citing *Veleron Holding, B.V.*, 117 F. Supp. 3d at 452). In their agreement, Kobalt

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

(emphasis added) SOMF ¶ 28. This is the quintessential grant of power to an agent. It establishes that TuneSat is Kobalt's agent for these purposes, as a matter of law. Moreover, TuneSat and Kobalt ████████████████████████████████████████████████████

██████████. SOMF ¶ 31. TuneSat and KLG both act on Kobalt's behalf ██████████████

████████████████████████████████ and Kobalt maintains control over how TuneSat acts and how KLG acts on TuneSat and Kobalt's behalf. Therefore, Kobalt is the principal for its agents TuneSat and KLG. *See In re Parmalat Secs. Litig.*, 375 F. Supp. 2d, 290.[5]

3. TuneSat and KLG's Knowledge is Imputed to Kobalt, and Therefore to All Plaintiffs.

An agent's knowledge is imputed to its principal. *Veal*, 23 F.3d, at 725. "A person has notice of a fact if his agent has knowledge of the fact, reason to know it or should know it, or has been given notification of it, under circumstances coming within the rules applying to the liability of a principal because of notice to his agent." *Id*. quoting Restatement (Second) of Agency §§ 9(3), comment h, §§ 268, 272, 275. In *Veal*, the Second Circuit held that a plaintiff's claim was barred by the applicable three-year statute of limitations where the plaintiff's lawyer was aware of the conduct underlying the claim more than three years before the claim was filed, irrespective of whether the plaintiff, individually, had direct knowledge. *Veal*, 23 F.3d, at 724–25.

---

[5] The agreement states that Kobalt, █████████████████████████████████████
███████████████ [SOMF ¶ 1], which only confirms that Kobalt is the principal in the relationship.

**B.  A Copyright Infringement Claim Accrues on the Date on Which a Plaintiff (Directly or Through Its Agents) Knew or Should Have Known With the Exercise of Diligence That the Actions Constituting the Alleged Infringement Had Occurred.**

A plaintiff need not know of the "legal rights that stem from certain facts or circumstances," it is sufficient that the plaintiff knows, or should know, "the facts or circumstances themselves." *Stone v. Williams*, 970 F.2d 1042, 1049 (2d Cir. 1992). In other words, a plaintiff need only be aware of facts that *could* offer legal relief, but accrual does not wait for a plaintiff or her counsel to decide whether a claim is actionable. If a plaintiff could defer accrual until a lawyer's determination, such a rule would eviscerate the very reason statutes of limitations exist—to prevent having to defend against a stale claim. Indeed, so long as a plaintiff "knows, or should know, enough of the critical facts of injury and causation to protect himself by ***seeking legal advice***," his claim accrues. *Parisienne,* 2021 WL 3668084, at *4 (emphasis added) (citation omitted). Here, Plaintiffs cannot claim that knowledge was not imputed while KLG made a legal determination of infringement because "legal rights that stem from certain facts or circumstances need not be known, only the facts or circumstances themselves." *Stone v. Williams*, 970 F.2d, at 1049. In other words, a plaintiff need only be aware of facts that *could* offer legal relief, not that legal relief is, in fact, available.

Civil actions for copyright infringement must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Contrary to Plaintiffs' (and KLG's) assertions, a claim does not accrue only upon a determination by counsel that the claim is actionable—a clever litigant could bury her head in the sand and her claim would never accrue. Rather, copyright infringement claims accrue upon actual ***or constructive discovery*** of the relevant infringement. *Psihoyos,* 748 F.3d, at 124 (emphasis added). Second Circuit law on accrual is clear and summary judgment is appropriate on this issue. *See Parks v. ABC, Inc.*, 341 Fed. Appx. 737, 738 (2d. Cir. 2009 (summary order) ("A cause of action accrues when the plaintiff knows or has reason to know of the injury

12

upon which the claim is premised").

**C. Plaintiffs' Claims for Sixteen of the Accused Uses Accrued Before July 18, 2021 Because Their Agents "Found" the Accused Uses.**

Here, ███████ KLG's knowledge of the Magic's alleged infringement is imputed to Kobalt as their principal. KLG was retained by ████████ Kobalt to ████████████████ ████████████████████████████████. As discussed above, before July 18, 2021, ████████████ 16 of the Accused Uses, meaning that it ████████████████████ ████████████████████████████. SOMF ¶¶ 20, 38. According to TuneSat. ████████████ ████████████████████ (SOMF ¶ 39):



13



    Because TuneSat had ███████████████████████, ████████████████

Accused Uses listed above, its knowledge was imputed to Kobalt as the principal. As *Veal*

instructs, whether Kobalt had actual knowledge of the Accused Uses at that time is immaterial—

it is enough that Kobalt's agent had knowledge of the Accused Uses. *Veal*, 23 F.3d, 725. And for

the same reasons, each Plaintiff suing based on one of the Accused Uses ████████████ prior

to July 18, 2021 is deemed to have had knowledge of the alleged infringement by that date because

Kobalt is the agent of each individual Plaintiff for this purpose. Because Plaintiffs did not file this

lawsuit for more than three years after ████████████████████████, all claims based

on those 16 Accused Uses are time-barred and should be dismissed.

**D. Plaintiffs' Claims for Twelve of the Accused Uses are Barred Because Plaintiffs Should Have Known of the Facts Underlying Their Claims Before July 18, 2021.**

Long before July 18, 2021, TuneSat had ████████████████████████████. *See*

SOMF ¶¶ 39, 40. Thus, in addition to the 16 Alleged Uses that ████████████████████

TuneSat had already ████████████████████████████████████ (SOMF

¶ 40):



Given that 

plainly should have discovered the additional 12 alleged infringements almost immediately. SOMF ¶¶ 35, 40. *See* Psihoyos, 748 F.3d at 124 (infringement claim accrues when copyright holder discovers, or with due diligence should have discovered, the infringement). Stated differently, no reasonable trier of fact could conclude that ███████ *could not* have discovered those 12 Accused uses ██████████████. *See Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 149 (2d Cir. 2024) (cert. pending).

Looking at the facts through an objective standard (as we must), ██████████████████ therefore ████████ should have discovered through diligence the Accused Works already ████████████. As shown above, ████████████ ███████████████████████████████████████. SOMF ¶ 39. These ████████ show that ████████ not only *could* have found the 12 videos ██████████████████

---

[6] ████████████████████████████████████████████████████████████████
██████████████████████████. SOMF ¶¶ 39–41.

16

████, but that it **should** have found them. Thus, Plaintiffs should have known of the alleged infringement because, with the application of reasonable diligence, they (through TuneSat and Kobalt) should have known of the facts and circumstances surrounding their alleged injuries.

To be clear, it is not required that Plaintiffs actually investigated their claims, all that is required is that a reasonably diligent plaintiff would have discovered the Accused Uses. *See Parisienne*, 2021 WL366808, at *3 (citing *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010)). "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *Id*. quoting *Masi v. Moguldom Media Grp. LLC*, 2019 WL 328&819, at *5 (S.D.N.Y. July 22, 2019). Accordingly, Plaintiffs' claims based on these 12 Accused Uses are time-barred and should be dismissed on summary judgment.

## CONCLUSION

Plaintiffs, through their agents and on their own, either knew or should have known of the 28 alleged infringements that are identified and discussed above. They failed to file their claims within the applicable three-year statute of limitations and their claims are now time-barred. The Magic respectfully requests that this Court grant this Motion and hold: (1) TuneSat and KLG are agents of the Plaintiffs under applicable law such that the knowledge of TuneSat and/or KLG is imputed to Plaintiffs for purposes of the accrual of the statute of limitations; (2) the test for accrual of a claim for copyright infringement is the date on which a Plaintiff (directly or through its agents) knew or should have known with the exercise of diligence that the actions constituting the alleged infringement had occurred; (3) Plaintiffs' claims for 16 of the Accused Uses are barred by the applicable three-year statute of limitations; and (4) Plaintiffs' claims for an additional 12 of the Accused Uses are barred by the statute of limitations because, at a minimum, they should have been found by Plaintiffs' agents prior to July 18, 2021 through the exercise of reasonable diligence.

17

The Magic further request all other relief to which it may be entitled.

Date:   New York, New York
        February 14, 2025

                                        Respectfully submitted,

                                        **BARNES & THORNBURG LLP**

                                        By:    _/s/ Benjamin T. Pendroff_
                                        David S. Slovick
                                        New York Bar No. 5337811
                                        390 Madison Avenue, 12th Floor
                                        New York, New York 10017
                                        Telephone:  (646) 746-2000
                                        Facsimile:  (646) 746-2001
                                        Email: David.Slovick@btlaw.com

                                        Anna Kalinina *(admitted pro hac vice)*
                                        Texas Bar No. 24092605
                                        Benjamin T. Pendroff
                                        New York Bar No. 5013982
                                        2121 N. Pearl Street, Suite 700
                                        Dallas, TX 75201-2469
                                        Telephone: (214) 258-4200
                                        Facsimile: (214) 258-4199
                                        Email: Anna.Kalinina@btlaw.com
                                        Email: bpendroff@btlaw.com

                                        William Craver (*admitted pro hac vice*)
                                        2029 Century Park East, Suite 300
                                        Los Angeles, CA 90067
                                        Telephone: (310) 284-3771
                                        Facsimile: (310) 284-3894
                                        Email: wcraver@btlaw.com

                                        ***Counsel for Defendant Orlando Magic,
                                        Ltd.***

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on this 14th day of February, 2025, the foregoing pleading was served through the NYSD ECF system.

*/s/ Benjamin T. Pendroff*
Benjamin T. Pendroff

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that Defendant Orlando Magic Ltd.'s Memorandum of Law in Support of its Motion for Partial Summary Judgment contains 5,210 words in compliance with Local Rule 7.1

*/s/ Benjamin T. Pendroff*
Benjamin T. Pendroff
