EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTIST PUBLISHING GROUP, LLC dba APG, a Delaware Limited Liability Company; FIRST-N-GOLD PUBLISHING, INC., a Florida Corporation; LUKASZ GOTTWALD an individual doing business as KASZ MONEY PUBLISHING; KMA ASSETS I LP, a Delaware Limited Partnership; KMA ASSETS II LIMITED, a United Kingdom Private Limited Company; KOBALT MUSIC PUBLISHING AMERICA, INC. dba KMPA, a Delaware Corporation; MXM MUSIC AB dba MXM, a Swedish Limited Liability Company; NOTTING HILL MUSIC, INC., a New York Corporation; and PRESCRIPTION SONGS, LLC, a California Limited Liability Company,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ORLANDO MAGIC, LTD. dba ORLANDO MAGIC, a Florida Limited Partnership; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: 24-5461 -JSR<br><br>DECLARATION OF ERICA CARVAJAL WONG IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

## DECLARATION OF ERICA CARVAJAL WONG

Pursuant to 28 U.S.C. § 1746, I, ERICA CARVAJAL WONG, declare and state as follows:

1. I am above eighteen (18) years of age and am competent to give testimony set forth below. I am a Counsel at Kuhn Law Group ("Kuhn Law"). In that role, I help represent Plaintiff Kobalt Music Publishing America, Inc. d/b/a KMPA ("KMPA") separate from this action. This declaration is in connection with the above action by KMPA (and others) against the Orlando Magic, Ltd. ("Orlando Magic").

2. I have personal knowledge of all the facts stated below. In my position, I am directly responsible for investigating potential claims for copyright infringement for KMPA.

3. Kuhn Law was retained to aid KMPA in determining whether uses detected by TuneSat, LLC ("TuneSat") constituted infringement. In its role, Kuhn Law receives uses from TuneSat's case management system, and reviews the uses to determine whether they are, in fact, infringing. If they are, Kuhn Law sends a letter, generally by email, to enforce KMPA's copyrights. Sometimes, the receipt of the uses by Kuhn Law, the review of the uses for infringement, and the process for sending a letter to the infringer all takes place in one day.

4. On July 19, 2021, detections for multiple potential infringers, including the Orlando Magic, were promoted on Kuhn Law's TuneSat case management system and became available to me. Among these detections were videos in which Orlando Magic used KMPA's music. That same day, July 19, 2021, I reviewed the uses, vetted the videos for licenses that KMPA had issued, determined that the uses by the Orlando Magic that triggered these detections were not authorized, and further determined that the uses by the Orlando Magic did not

1

constitute fair use. On the basis of this review and consideration, I, for the first time, concluded that these uses by the Orlando Magic infringed copyrights held by KMPA. I sent an email to Will Craver and Jason Karlov, lawyers, agents, employees or representatives of the Orlando Magic, to notify them of their infringement. A true and correct copy of this July 19, 2021 email is attached hereto as **Exhibit 3**.

5. Attached to this email was the TuneSat report Kuhn Law received on July 19, 2021. A true and correct copy of this report is attached hereto as **Exhibit 4**.

6. Ten songs at issue in the current dispute were included in the July 19, 2021 report.

7. I sent the July 19, 2021 report attached as Exhibit 4 to the Orlando Magic the same day it became available, which was the same day that I first became aware of and viewed the new detections from TuneSat. As noted above, this was the same day that I concluded that the Orlando Magic had violated KMPA's copyrights through these infringing uses.

8. On August 3, 2021, Kuhn Law was made aware of a potential update to a copyrighted work that had previously been flagged as an infringing use by the Orlando Magic. I sent an email to Orlando Magic on August 17, 2021 including an updated spreadsheet from August 13, 2021, containing one less detection than the previous report, and notifying the Orlando Magic that the claim of use by the Orlando Magic of use without authorization with regards to the copyrighted work "Boom Boom Pow" was being withdrawn. A true and correct copy of this email is attached hereto as **Exhibit 5**. A true and correct copy of this report is attached hereto as **Exhibit 6**.

9. Between December 2, 2021 and June 17, 2022, Kuhn Law received and I reviewed information from TuneSat identifying thirty-three additional detections. Among these detections were videos in which Orlando Magic used KMPA's music. I reviewed the uses, vetted

the videos for licenses that KMPA had issued, determined that the uses by Orlando Magic that triggered these detections were not authorized, and further determined that the uses by the Orlando Magic did not constitute fair use. On the basis of this review and consideration, I, for the first time, concluded that these uses by the Orlando Magic infringed copyrights held by KMPA. I sent an email to Will Craver and Jason Karlov, lawyers, agents, employees or representatives of the Orlando Magic, to notify them of their infringement. A true and correct copy of this email is attached hereto as **Exhibit 9**. A true and correct copy of the report is attached hereto as **Exhibit 10**.

10.     I sent a final email to the Orlando Magic on August 22, 2023, with a report that removed four detections, and included one additional detection, for the copyright work, "Drop the Bomb On'Em" that Kuhn Law had been notified of by TuneSat. Before sending that email, I reviewed the uses, vetting the videos for licenses that KMPA had issued, determined that the use by Orlando Magic of "Drop the Bomb On'Em" that triggered this new detection was not authorized, and further determined that this use of this work by the Orlando Magic did not constitute fair use. On the basis of this review and consideration, I, for the first time, concluded that this use of "Drop the Bomb On'Em" by the Orlando Magic infringed copyright(s) held by KMPA. I sent an email to Will Craver and Jason Karlov, lawyers, agents, employees or representatives of the Orlando Magic, to notify them of the infringement by this use and to notify that claims previously advanced regarding certain other uses were being withdrawn. A true and correct copy of this email is attached hereto as **Exhibit 11**. A true and correct copy of the report is attached hereto as **Exhibit 12**.

11.     I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
February 14, 2025

*Erica Carvajal Wong*
Erica Carvajal Wong

4