UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTIST PUBLISHING GROUP, LLC d/b/a APG, a Delaware Limited Liability Company; FIRST-N-GOLD PUBLISHING, INC., a Florida Corporation; LUKASZ GOTTWALD, an individual doing business as KASZ MONEY PUBLISHING; KMA ASSETS I LP, a Delaware Limited Partnership; KMA ASSETS II LIMITED, a United Kingdom Private Limited Company; KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a KMPA, a Delaware Corporation; MXM MUSIC AB d/b/a MXM, a Swedish Limited Liability Company; NOTTING HILL MUSIC, INC., a New York Corporation; and PRESCRIPTION SONGS, LLC, a California Limited Liability Company,<br><br>    Plaintiffs,<br><br>        v.<br><br>ORLANDO MAGIC, LTD. d/b/a ORLANDO MAGIC, a Florida Limited Partnership; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: 1:24-CV-05461-JSR |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Date: New York, New York
March 7, 2025

        Respectfully submitted,

        **BARNES & THORNBURG LLP**

        By: */s/ Benjamin T. Pendroff*
        David S. Slovick
        New York Bar No. 5337811
        390 Madison Avenue, 12th Floor
        New York, New York 10017
        Telephone:  (646) 746-2000
        Facsimile:  (646) 746-2001
        Email: David.Slovick@btlaw.com

        Anna Kalinina *(admitted pro hac vice)*
        Texas Bar No. 24092605
        Benjamin T. Pendroff
        New York Bar No. 5013982
        2121 N. Pearl Street, Suite 700
        Dallas, TX 75201-2469
        Telephone: (214) 258-4200
        Facsimile: (214) 258-4199
        Email: Anna.Kalinina@btlaw.com
        Email: bpendroff@btlaw.com

        William Craver (*admitted pro hac vice*)
        2029 Century Park East, Suite 300
        Los Angeles, CA 90067
        Telephone: (310) 284-3771
        Facsimile: (310) 284-3894
        Email: wcraver@btlaw.com

        ***Counsel for Defendant Orlando Magic, Ltd.***

**TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................. 1

**ARGUMENT** ........................................................................................................................ 2

   A.   TuneSat and KLG are Plaintiffs' agents. ................................................................... 2

   B.   TuneSat and KLG's knowledge are imputed to Plaintiffs such that Plaintiffs knew or should have known of the facts underlying their claims. ................................................ 5
       1.    TuneSat's knowledge is imputed to Plaintiffs. ....................................... 5
       2.    TuneSat actually knew by July 13, 2021 that 16 of the Accused Uses matched Kobalt's copyrights. ............................................................................ 6
       3.    By July 13, 2021 TuneSat—and therefore Plaintiffs—should have known of 12 potential infringement claims because TuneSat had downloaded 12 of the Accused Uses ... 8
       4.    KLG's knowledge of the Magic's alleged infringement of any of Plaintiffs' copyrights was imputed to Plaintiffs and sufficient to put them on notice of their claims. 8

   C.   The Declarations of Rob Christensen and Christopher Woods contain statements that impermissibly contradict their own prior testimony. ............................................ 10

**CONCLUSION** .................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cleveland v. Caplaw Enterp.*,
  448 F.3d 518 (2d Cir. 2006)..................................................................................................5

*Fed. Deposit Ins. Corp. v. Murex LLC*,
  500 F. Supp. 3d 76 (S.D.N.Y. 2020).....................................................................................11

*In re Fosamax Prod. Liab. Litig.*,
  707 F.3d 189 (2d Cir. 2013)..............................................................................................2, 10

*Jose Louis Paelaez, Inc. v. McGraw-Hill Global Education Holdings LLC*,
  399 F. Supp. 3d 120 (S.D.N.Y. 2019)..................................................................................5, 6

*Kennedy v. City of New York*,
  570 Fed. App'x. 83 (2d Cir. 2014).......................................................................................10

*Parisienne v. Scripps Media, Inc.*,
  2021 WL 3668084 (S.D.N.Y. Aug. 17, 2021)........................................................................9

*Shantou Real Lingerie Manuf. Co., Ltd. v. Native Group Intern., Ltd.*,
  401 F. Supp. 3d 433 (S.D.N.Y. 2018)...................................................................................10

*Stone v. Williams*,
  970 F.2d 1043 (2d Cir. 1992).................................................................................................9

*Veal v. Geraci*,
  23 F.3d 722 (2d Cir. 1994)..................................................................................................5, 9

*Veleron Holding, B.V. v. Morgan Stanley*,
  117 F. Supp. 3d 404 (S.D.N.Y. 2015).....................................................................................4

**Citations to Record**

Plaintiff's Additional Material Facts (Dkt. 81) ("PAMF").................................................... *passim*

Defendant's Statement of Material Facts (Dkt. 65) ("SOMF")............................................. *passim*

Defendant ORLANDO MAGIC, LTD. (the "Magic") respectfully submits this Reply in Support of Its Motion for Partial Summary Judgment (the "Magic's Motion").

## INTRODUCTION

The Magic asks the Court for partial summary judgment on four points:

1. Plaintiffs' lawyers and paid investigators are their agents;

2. The claim "accrues" for statute of limitations purposes based on knowledge of facts, not on some artificial date when Plaintiffs' lawyer has reviewed the facts and tells Plaintiffs that a claim exists;

3. Plaintiffs, through their agents, had actual knowledge of ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ before filing the Complaint; and

4. Regardless of "actual" knowledge, Plaintiffs "should have known" of ▇▇ ▇▇▇▇▇▇▇▇ prior to filing the Complaint, because they had so much information about infringement that they ▇▇▇▇▇▇ ▇▇ to find them, and they should have found those ▇▇▇▇▇▇, which is all the law requires for a claim to accrue.

The undisputed evidence demonstrates that Issue #3—*actual knowledge of infringement as to* ▇▇ *the Accused Uses*—is conclusively true. The documents and testimony of Plaintiffs' agents, ▇▇▇▇▇▇▇▇, demonstrate that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ – more than three years prior to filing the Complaint. This should put to rest roughly half of the Plaintiffs' claims.

In response, Plaintiffs raise two arguments: (1) that ▇▇▇▇, a company devoted to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is somehow not Plaintiffs' agent; and (2) notwithstanding actual discovery of the Accused Uses,

1

the statute of limitations somehow doesn't accrue until Plaintiffs' lawyer (KLG) decides to review a use and advises Plaintiffs of the existence of a claim. Both of those arguments are legally specious, which is why the Magic requested that the Court adjudicate them, as a matter of law. Regardless of the Court's view of the fact-based issues, the trial in this case should not be cluttered with Plaintiffs' invented "theories" of the law on agency or accrual.

Finally, regardless of the evidence of "*actual* knowledge," Plaintiffs' claims accrued more than three years before filing the Complaint under the "should have known" standard, because they were on "inquiry notice" of infringement more than ***four years*** earlier, and should have found 28 of the Accused Uses ████████████████████████ find 16 of the Accused Uses.

Plaintiffs do not raise any genuine issues of triable fact with respect to the four points on which the Magic seek partial summary judgment. Indeed, Plaintiffs concede some of the key facts, and then try to raise false issues using declarations that contradict prior testimony and unambiguous documents in the case – a clear violation of the "sham affidavit" doctrine, which "prohibits a party from defeating summary judgment simply by submitting an affidavit that contradicts the party's previous sworn testimony." *In re Fosamax Prod. Liab. Litig.*, 707 F.3d 189, 193 (2d Cir. 2013). Because there is no admissible evidence before the Court that could cause a reasonable jury to conclude otherwise, this Court should grant partial summary judgment and resolve 28 of the Accused Uses.

## ARGUMENT

### A. TuneSat and KLG are Plaintiffs' agents.

Plaintiffs concede that an agent's knowledge may be imputed to the principal for purposes of statute of limitations. Resp. at 16. They also concede that KLG is their agent, because a lawyer is an agent of the client as a matter of law. *Id*. at 2. Plaintiffs attempt to evade the

2

obvious conclusion that ▮ is their agent based on the plain terms of the ▮ and the actual facts of what ▮ did, but the undisputed facts overwhelm Plaintiffs' self-serving denials.

Plaintiffs, KLG, ▮ have been working together for years to identify allegedly infringing uses of Plaintiffs' works. While Plaintiffs refer to ▮ ▮ (*see* Resp. at 2), the evidence demonstrates otherwise. Although Plaintiffs try to rewrite the ▮ through self-serving declarations, the terms of Plaintiffs' ▮ are clear. *See* Ex. 11. Plaintiffs—▮ ▮ ▮. *See id.* The ▮ provides that Kobalt ▮ ▮. *Id*. at 1–2 (emphasis added). In other words, Kobalt engaged ▮ ▮ No clearer agency relationship for the investigation and detection of copyright infringements could be imagined.

In the face of the obvious and straightforward legal relationship, the boilerplate ▮ ▮ is worse than mere form over substance – it's clearly an attempt to hide the parties' true relationship. Plaintiffs misinterpret *Supreme Showroom, Inc. v. Branded Apparel Group LLC* when they state that an agency disclaimer is sufficient if it is "express and unambiguous." Resp. at 12 (citing 2018 WL 3148357, at *9 (S.D.N.Y. June 27, 2018)). The court there did **not** say that an express and unambiguous disclaimer is effective, the court said that *unless* a disclaimer is sufficiently express and unambiguous, it would **not** be given effect.

*Id.* at *9. Plaintiffs seem to believe that certain magic language in a contract can erase the reality of the other terms of the document, when the law is the opposite. The ███████████ ██████████████████████████, but everything else about the ███████████ relationship "erects the essential structure of an agency relationship, [and] even an explicit disclaimer cannot undo it." *Veleron Holding, B.V. v. Morgan Stanley*, 117 F. Supp. 3d 404, 452 (S.D.N.Y. 2015).

In their Response, Plaintiffs make much of the notion that ██████ is not a law firm, ██ ████████████████████████████████████████, and that KLG carried out these rights instead. But this is clever misdirection based on documents that were intentionally drafted to obscure the reality of the parties' relationship. Indeed, the documents were drafted by ████████████████████████████████████████████████████. Ex. 12 at 220:20-22; SOMF ¶ 9. In the ████████████, Kobalt ██████████████████ ████████████████████████████████████████████████████ ████████████████. SOMF ¶ 28. And that is what happened when ████████████ ████████████████████████████████████████████████████ *Id.* ¶ 31. ████████ role in this scheme is buttressed by the fact that it ████████████ ████████████████████████████████████████████████████ ████████████ *Id.* ¶ 24. Of course, realizing that this ████████ makes clear that this is a partnership or joint venture scheme, Plaintiffs have now invented self-serving declarations stating—for the first time in this litigation—that ████████████████████████ *See* PAMF ¶ 24. This self-serving change does not save Plaintiffs' claims.

Plaintiffs' argument that Kobalt had no control over ████████ is belied by the record. ████████████████████████████████████████████████████████████████████████

4

███████████████████. SOMF ¶ 10; PAMF ¶ 10. A principal need not control every aspect of how its agent carries out the principal's business, it is enough that the principal retain *some* measure of control, which is exactly the case here. *See Cleveland v. Caplaw Enterp.*, 448 F.3d 518, 522 (2d Cir. 2006) (explaining that "the control asserted need not include control at every moment" and that "its exercise may be very attenuated") (internal citations omitted). Moreover, Kobalt admitted that ████████████████████████████████████████ ██████████████████████████████████████. PAMF ¶ 62. Finally, ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ SOMF ¶ 28. All of this confirms that Kobalt controlled ███████ and that pursuing the Magic was a ███████████.

Here, Plaintiffs have confirmed that (1) ███████ and KLG were authorized to perform services under the ██████████████████████████, respectively; (2) ███████ was authorized to use Plaintiffs' copyrights ██████████████████████████████ ███████; and (3) ███████ is authorized to ██████████████████████████ ███████████ all of which evidence TuneSat and Kobalt's agency relationship. *See* PAMF ¶¶ 14, 24, 31.

**B.   TuneSat and KLG's knowledge are imputed to Plaintiffs such that Plaintiffs knew or should have known of the facts underlying their claims.**

1. <u>TuneSat's knowledge is imputed to Plaintiffs.</u>

An agent's knowledge is imputed to its principal. *Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994). Plaintiffs try to escape this fact by relying on inapplicable case law. In *Jose Louis Paelaez, Inc. v. McGraw-Hill Global Education Holdings LLC*, 399 F. Supp. 3d 120 (S.D.N.Y. 2019), the court found that an agent whose power was limited to executing sublicenses was not

5

imputed to the principal for the purposes of knowledge of infringement. *Id.* at 137. But the facts are exactly the opposite here: ███████████████████████████████████ – the very essence of acquiring "knowledge" for claim accrual purposes. *See id.* ("an agent's knowledge is properly imputed to his or her principal for statute of limitations purposes only where the agent is employed to represent [the] principal with respect to a given matter and acquires knowledge material to that representation.") (internal citations omitted). Because Kobalt ███████████████████████████████████, *Jose Louis Paelaez* does not help Plaintiffs.

The rest of Plaintiffs' arguments similarly ignore the realities of the ███████████ ███████████████. Plaintiffs argue that the Magic "fails to distinguish between TuneSat and Kuhn." Resp. at 11. While the arguments in the Magic's Motion are clear, there is good reason to blur the lines between KLG and TuneSat. ███████████████████████████ ███████████████ PAMF ¶ 9. ███████████████████████████████ ███████████████████████████ *Id.* ███████████████████████████ ███████████████████████████ *Id.* ¶ 31. Therefore, Kobalt ███████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████. KLG and ██████ are using semantics and carefully-drafted documents to try and avoid the obvious conclusion that both KLG ████████ worked on Kobalt's behalf to ██████ ███████████████████████████████, and are therefore agents whose knowledge is imputed to Plaintiffs.

2. ███████████████████████████ ███████████:

Plaintiffs attempt to create a fact issue where none exists. As Plaintiffs acknowledge,

6

████████████████████████████████████████████████████████████

████████████████████████████████████████████ Resp. at 2–3. ████

████████████████████████████████████████████████████████████

███████████████████████ *Id.* at 3. As explained in the Magic's Motion, ███████████

██████████████████████████████████, more than three years before Plaintiffs

filed their Complaint. Magic's Motion at 13–14. And ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ TuneSat Decl., Doc. 89 ¶ 20. Therefore, ██████████

████████████████████████████████ to Kobalt as the rights holder, thus ██████ (as

Kobalt's agent) plainly had enough of the "critical facts" underlying the alleged infringement in

these 16 Accused Uses for Plaintiffs' claims to accrue.

Plaintiffs attempt to counter this uncontroverted evidence by trying to confuse the issue. They first argue that, for any Accused Use where the ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████. Resp. at 19–20. This

is a red herring. For the ████████████████████████████████████████

████████████████████, thus at that time, ██████████████████████ the critical facts

███████████████████████ knowledge to be imputed to Kobalt.

████████████████████████████████████████████████ is another red

herring. Resp. at 19–21. Plaintiffs cite no authority standing for the proposition that possession of the "critical facts" is insufficient for a claim to accrue until someone performs some form of "quality control." Plaintiffs also try to escape the discovery rule by repeatedly arguing that the discovery date could not have occurred until KLG reviewed the detection results and concluded

7

there was infringement—but as explained in the Magic's Motion and above, that is not the law. [REDACTED] at Kobalt's behest, [REDACTED], [REDACTED], therefore the claims as to these Accused Uses are time-barred.

   3. [REDACTED]—and therefore Plaintiffs—should have known of 12 potential infringement claims because [REDACTED].

The additional 12 Accused Uses discussed in the Magic's Motion (pp. 15–17) were [REDACTED] more than three years before Plaintiffs filed their Complaint, therefore Plaintiffs should have known ([REDACTED]) that the Accused Uses were posted on the internet and their copyrights were allegedly being infringed. [REDACTED] these Accused Uses [REDACTED] and all of these Accused Uses were in Kobalt's catalogue [REDACTED]. PAMF ¶¶ 34-35. Therefore, according to Plaintiffs' own logic (*see* Resp. at 16), these Accused Uses were [REDACTED] (whether actual or constructive) is imputed to Kobalt for purposes of accrual. To try and combat the obvious—that their agent [REDACTED]—Plaintiffs put in declarations raising arguments and purporting to provide facts for the first time. But no new evidence can save Plaintiffs from the fact that [REDACTED] [REDACTED] than three years before this suit was filed. Accordingly, claims based on these 12 Accused Uses are time-barred.

   4. <u>KLG's knowledge of the Magic's alleged infringement of any of Plaintiffs' copyrights was imputed to Plaintiffs and sufficient to put them on notice of their claims.</u>

The Court need not even inquire about [REDACTED] if KLG—the admitted agent—had knowledge of the critical facts. On January 19, 2021, [REDACTED] [REDACTED]. SOMF ¶ 36. Plaintiffs

8

claim that ████████████████████████████████████, but as of that date both KLG and Kobalt knew ██████████████████████████████████████. PAMF ¶ 36. At that time, all but two of the Accused Uses were on the internet, therefore a reasonable plaintiff, knowing that the ████████████████████████████████████, should have discovered the Accused Uses within three years through a diligent search. It does not matter that Plaintiffs did not know of the Accused Uses as of ████████ because the "legal rights that stem from certain facts or circumstances need not be known, only the facts or circumstances themselves." *Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992).

Notwithstanding that ████████, Plaintiffs had *actual knowledge* of the Magic's alleged infringement of uses other than the Accused Uses, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ SOMF ¶ 33. Whether Kobalt's officers directly knew about these alleged infringements is of no consequence because KLG's knowledge ████████ was imputed to Kobalt as a matter of law. *See Veal*, 23 F.3d at 725 (imputing lawyer's knowledge to client for purposes of accrual).

Knowing this, Plaintiffs insist that the only relevant accrual date is when KLG first determined the Accused Uses infringed. Plaintiffs' Resp. *passim*. This contention is unsupported in law, and (unsurprisingly) Plaintiffs cite no authority for it. The undisputed law of accrual is that the statute of limitations begins to run when a plaintiff "knows, or should know, enough of **_the critical facts_**" such that it would lead him to seek legal advice. *See Parisienne v. Scripps Media, Inc.*, 2021 WL 3668084, at *4 (S.D.N.Y. Aug. 17, 2021) (citation omitted; emphasis supplied). Here, the Accused Uses were on the internet, Plaintiffs had engaged ████████ ████████████████████████████████████████████████████████████████, therefore

9

they knew "enough of the critical facts" for their claims to accrue by ████████

████████████████ Notwithstanding any of Plaintiffs' arguments regarding ██████

Plaintiffs' claims are untimely.

C. **The Declarations of Rob Christensen and Christopher Woods contain statements that impermissibly contradict their own prior testimony.**

In a last-ditch effort to create fact issues, Plaintiffs attached (1) the Declaration of Rob Christensen (Doc. 86); and (2) the Declaration of Christopher Woods (Doc. 89). These declarations contain self-serving statements designed to distort the record and should be stricken.

Indeed, certain statements made in the Christensen and Woods declarations entirely contradict their prior testimony and should be stricken under the "sham affidavit" or "sham issue of fact" doctrine, which "prohibits a party from defeating summary judgment simply by submitting an affidavit that contradicts the party's previous sworn testimony." *In re Fosamax Prod. Liab. Litig.*, 707 F.3d 189, 193 (2d Cir. 2013). If this were permitted, it "would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Kennedy v. City of New York*, 570 Fed. App'x. 83, 84 (2d Cir. 2014).

Mr. Christensen (Kobalt's corporate representative) attempts to modify his prior sworn statements regarding the first time Kobalt was contacted by TuneSat regarding actual or potential searches of the Subject Songs. Specifically, he states that Kobalt "was contacted for the first time in connection with TuneSat" on June 18, 2019, and that this communication "simply discussed providing Kobalt a more efficient way of detecting potential infringements of music in its catalogue." PAMF ¶ 22. However, Kobalt's prior interrogatory responses (verified by Mr. Christensen) state that this June 18, 2019 communication had a more specific purpose: to discuss the "potential or actual internet searches by TuneSat *for any of the Subject Songs at issue in this case*." SOMF ¶ 22 (emphasis added). As such, the Christensen Declaration contradicts

Kobalt's prior sworn statements and it should be stricken. *See Shantou Real Lingerie Manuf. Co., Ltd. v. Native Group Intern., Ltd.*, 401 F. Supp. 3d 433, 438 (S.D.N.Y. 2018) (disregarding assertions in declarations that "contradict [the declarant's] prior sworn discovery responses.").

Additionally, Mr. Woods's declaration attempts to alter the timing of when TuneSat provides detection results to their clients by stating that "TuneSat only makes detections available to a law firm after detections have passed the quality control review." Doc. 89 ¶¶ 11, 17; PAMF ¶¶ 40, 94. But in his deposition, Mr. Woods admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 12 at 26:11-15 (emphasis added). Lastly, Mr. Woods previously testified that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 12, 216:21-25, 217:1-4 (emphasis added). His declaration contradicts this testimony, stating now that the "Date Found" entry reflects work TuneSat performed for *any* client. PAMF ¶¶ 119-120. Mr. Woods is precluded from contradicting his prior testimony in this declaration in an effort to defeat the Magic's Motion. *See Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F. Supp. 3d 76, 95-96 (S.D.N.Y. 2020) (disregarding testimony to the "extent statements in declarations . . . renounce earlier testimony of the declarant").

## CONCLUSION

For the foregoing reasons, the Magic respectfully requests the Court grant its Motion for Partial Summary Judgment and award the Magic such other relief to which it may be entitled.

11

Date:   New York, New York
        March 7, 2025

        Respectfully submitted,

        **BARNES & THORNBURG LLP**

        By:   */s/ Benjamin T. Pendroff*
        David S. Slovick
        New York Bar No. 5337811
        390 Madison Avenue, 12th Floor
        New York, New York 10017
        Telephone:  (646) 746-2000
        Facsimile:  (646) 746-2001
        Email: David.Slovick@btlaw.com

        Anna Kalinina *(admitted pro hac vice)*
        Texas Bar No. 24092605
        Benjamin T. Pendroff
        New York Bar No. 5013982
        2121 N. Pearl Street, Suite 700
        Dallas, TX 75201-2469
        Telephone: (214) 258-4200
        Facsimile: (214) 258-4199
        Email: Anna.Kalinina@btlaw.com
        Email: bpendroff@btlaw.com

        William Craver (*admitted pro hac vice*)
        2029 Century Park East, Suite 300
        Los Angeles, CA 90067
        Telephone: (310) 284-3771
        Facsimile: (310) 284-3894
        Email: wcraver@btlaw.com

        ***Counsel for Defendant Orlando Magic, Ltd.***

## WORD-COUNT CERTIFICATION

Pursuant to Local Civil Rule 7.1(c), undersigned counsel hereby certifies that the foregoing Reply in Support of Defendant's Motion for Partial Summary Judgment complies with the word-count limitations in the Rule and contains 3,479 words.

2

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on this 7th day of March, 2025, the foregoing pleading was served through the NYSD ECF system.

*/s/ Benjamin T. Pendroff*
Benjamin T. Pendroff
